**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETS**

| | | |
|---|---|---|
| **NAIARA DOS SANTOS BARBOSA**<br>**A#234-013-149**<br><br>*Petitioner,*<br>v.<br><br>**MARKWAYNE MULLIN ET. AL.**<br><br>*Respondents.* | ) | **Case No.: 1:26-cv-12978** |

**PETITIONER'S EMERGENCY MOTION FOR SUPPLEMENTAL RELIEF AND IMMEDIATE RELEASE**

## I. INTRODUCTION

Petitioner Naiara dos Santos Barbosa, through undersigned counsel, respectfully moves this Court for supplemental equitable relief following the Court's July 2, 2026 Order granting her Petition for Writ of Habeas Corpus. Specifically, Petitioner respectfully requests that the Court order her immediate release under reasonable conditions of supervision because continued detention is no longer justified and subjects her to ongoing and irreparable harm.

This Court has already resolved the central legal issue presented by this case. The Court held that Petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), and ordered that Petitioner receive a bond hearing at which the Government bears the burden of establishing that continued detention is warranted. In reaching that conclusion, the Court rejected the Government's legal position and granted Petitioner's habeas petition.

Despite that ruling, Petitioner remains confined at the ICE Burlington facility. Upon information and belief, Burlington is an ICE processing and holding facility rather than a civil immigration detention center designed or equipped for the prolonged detention of female civil immigration detainees. Petitioner remains housed under conditions that are inappropriate for extended custody. She has reported experiencing shortness of breath while detained, has a documented history of severe anxiety requiring prior hospital treatment, and continues to be confined in a setting that appears ill-suited to provide appropriate medical care or accommodations for prolonged detention.

Respondents have already had a full opportunity to justify Petitioner's continued detention before this Court. They submitted no individualized evidence demonstrating that Petitioner poses a danger to the community or a risk of flight, nor did they establish any factual basis warranting her continued confinement. The only remaining issue is the appropriate remedy. Under these circumstances, requiring Petitioner to remain detained for up to seven additional days in a temporary processing facility serves no legitimate governmental purpose and unnecessarily prolongs the deprivation of her liberty.

Every additional day that Petitioner remains confined under these conditions compounds the irreparable harm she is suffering. Because the Court has already granted habeas relief,

because Respondents failed to establish any individualized justification for continued detention, and because Petitioner's current place of confinement presents serious concerns regarding her health, safety, and conditions of confinement, the Court should exercise its equitable authority to order Petitioner's immediate release.

## II. CONTINUED DETENTION AT THE ICE BURLINGTON FACILITY CAUSES ONGOING IRREPARABLE HARM AND WARRANTS SUPPLEMENTAL RELIEF

Although this Court has already determined that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and granted her Petition for Writ of Habeas Corpus, Petitioner remains confined at the ICE Burlington facility pending the bond hearing ordered by the Court.

Upon information and belief, the ICE Burlington facility functions primarily as an administrative processing and holding location rather than a civil immigration detention center designed for prolonged custody of female immigration detainees. Unlike dedicated immigration detention facilities, Burlington does not appear to be equipped to provide the accommodations, medical resources, or custodial conditions appropriate for the continued detention of women awaiting immigration proceedings.

Petitioner's continued confinement at Burlington has become increasingly alarming. Petitioner has reported experiencing shortness of breath while in custody. She also has a documented history of severe anxiety requiring emergency hospital treatment on multiple occasions before her detention. These medical concerns require appropriate monitoring and evaluation, yet Petitioner remains confined in a facility that, upon information and belief, is not equipped to provide prolonged medical or mental-health care for female civil immigration detainees.

The physical conditions of Petitioner's confinement further underscore the urgency of the requested relief. Petitioner reports sleeping on a mattress with only a metallic emergency-style blanket while remaining confined in what appears to be a temporary holding environment. Although she has not reported being denied food, the conditions under which she is being housed are inconsistent with the prolonged civil detention that Respondents continue to impose.

Petitioner is not serving a criminal sentence. She has never been convicted of any crime. She has no final order of removal. She has a pending affirmative asylum application before United States Citizenship and Immigration Services. She is a single mother whose continued confinement has separated her from her family and subjected her to increasing physical and emotional distress.

The circumstances of Petitioner's detention have materially changed since this action was filed. What may have begun as temporary administrative custody has now become continued detention following this Court's determination that Petitioner's custody is governed by § 1226(a). Every additional day that Petitioner remains confined in these conditions compounds the deprivation of her liberty and increases the risk to her physical and mental health.

Under these circumstances, requiring Petitioner to remain at the ICE Burlington facility for up to seven additional days while awaiting a bond hearing is neither necessary nor equitable. The ongoing harm she is suffering substantially outweighs any governmental interest in maintaining her detention, particularly where Respondents have never presented individualized evidence that she poses either a danger to the community or a risk of flight.

## III. RESPONDENTS HAVE ALREADY FAILED TO ESTABLISH ANY BASIS FOR CONTINUED DETENTION

This Court has already determined that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and granted her Petition for Writ of Habeas Corpus. Under the Court's Order, Petitioner is entitled to a bond hearing at which Respondents bear the burden of proving that continued detention is justified. See *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

Respondents have already had an opportunity to justify Petitioner's detention before this Court. They elected to respond to the Petition on the merits but failed to submit any individualized evidence demonstrating that Petitioner's continued detention is warranted.

Specifically, Respondents submitted no declaration from any ICE official, no custody determination, no Form I-213, no risk assessment, no detention records, no medical records, and no other evidence establishing that Petitioner poses either a danger to the community or a risk of flight. Nor did Respondents argue that Petitioner has engaged in criminal conduct, violated any conditions of release, failed to appear for immigration proceedings, or otherwise presents circumstances warranting continued detention.

Instead, Respondents relied almost exclusively upon legal arguments incorporated by reference from unrelated cases involving different petitioners and different factual records. Those generalized legal arguments did not address Petitioner's individual circumstances and did not satisfy Respondents' burden of demonstrating that her continued detention is justified.

The Court has now resolved the central legal dispute by concluding that § 1226(a) governs Petitioner's detention. Respondents therefore cannot rely upon mandatory detention to justify continued custody. Rather, under *Hernandez-Lara*, they must establish through individualized evidence that detention remains necessary. They have not done so.

Petitioner is a civil immigration detainee with no criminal history, no final order of removal, and a pending affirmative asylum application before United States Citizenship and Immigration Services. She has established significant ties to the community and is the mother of dependent children. Nothing in the record before this Court suggests that she presents a danger to the community or a meaningful risk of flight.

Under these circumstances, continued detention serves no demonstrated governmental purpose. Allowing Respondents to continue detaining Petitioner while awaiting a future bond hearing effectively affords them a second opportunity to assemble evidence they elected not to present during these habeas proceedings. Habeas relief is intended to remedy unlawful detention, not prolong it.

Because Respondents have already failed to establish any individualized basis for continued detention, and because Petitioner continues to suffer irreparable harm while confined under inappropriate conditions, this Court should exercise its equitable authority to order Petitioner's immediate release under reasonable conditions of supervision.

## IV. THIS COURT POSSESSES BROAD EQUITABLE AUTHORITY TO ORDER IMMEDIATE RELEASE

Federal courts exercising habeas jurisdiction possess broad equitable authority to fashion relief that is complete, meaningful, and effective. Once a court determines that a petitioner's detention violates federal law or the Constitution, it is not limited to a single form of relief but may order whatever remedy is necessary to cure the ongoing unlawful deprivation of liberty. *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968); *Boumediene v. Bush*, 553 U.S. 723, 779 (2008).

Petitioner does not ask this Court to reconsider its July 2, 2026 Order. To the contrary, Petitioner fully agrees with the Court's conclusion that her detention is governed by 8 U.S.C. § 1226(a) and that any continued detention must satisfy the standards established in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). Petitioner instead seeks supplemental equitable relief based upon circumstances that continue to inflict irreparable harm despite the Court's favorable ruling.

Although the Court ordered Respondents to provide a bond hearing within seven days, Petitioner remains confined in an administrative ICE holding facility under conditions that are inappropriate for prolonged detention and while experiencing ongoing medical concerns. Every additional day of detention constitutes a continuing deprivation of liberty that cannot later be restored.

Moreover, Respondents have already litigated the legality of Petitioner's detention before this Court and failed to produce any individualized evidence establishing that continued detention is necessary. Under these circumstances, requiring Petitioner to remain incarcerated while Respondents prepare for a future administrative proceeding would unnecessarily prolong the very injury this Court has already recognized.

The equitable powers inherent in habeas corpus exist to prevent precisely this type of continuing harm. Where continued detention is unsupported by the present record and where ongoing confinement exposes a civil immigration detainee to unnecessary physical and psychological hardship, immediate release under reasonable conditions of supervision is the most effective and least restrictive remedy available.

Accordingly, the Court should exercise its equitable authority to supplement its prior Order and direct Petitioner's immediate release, subject to any reasonable conditions of supervision the Court deems appropriate.

**V. IMMEDIATE RELEASE IS THE ONLY REMEDY THAT WILL PREVENT CONTINUING IRREPARABLE HARM**

The Court has already determined that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and has granted her Petition for Writ of Habeas Corpus. The only issue remaining is whether Petitioner should continue to be detained while awaiting the bond hearing ordered by the Court.

Under the circumstances presented here, the answer is no.

Petitioner remains confined despite Respondents' failure to establish that she presents either a danger to the community or a risk of flight. She remains detained despite having no criminal history, no final order of removal, and a pending affirmative asylum application. She remains housed at a facility that, upon information and belief, is not designed or equipped for the prolonged detention of female civil immigration detainees. She continues to experience shortness of breath while detained and has a documented history of severe anxiety requiring prior hospital treatment.

Every additional day of detention compounds the deprivation of Petitioner's liberty and increases the risk to her physical and mental health. Those injuries cannot be adequately remedied after the fact. The purpose of habeas corpus is not merely to recognize unlawful detention but to provide effective relief from that detention.

Respondents have already had an opportunity to justify Petitioner's continued confinement and failed to do so. Nothing in the record before this Court demonstrates that continued detention is necessary to protect the community or ensure Petitioner's appearance at future immigration proceedings. Under these circumstances, continued detention pending a future bond hearing serves no demonstrated governmental purpose.

Petitioner is prepared to comply with any reasonable conditions of supervision the Court deems appropriate, including reporting requirements, participation in the Alternatives to Detention Program, electronic monitoring if necessary, or any other condition designed to ensure her appearance while her immigration proceedings remain pending.

Accordingly, the balance of the equities overwhelmingly favors immediate release. The public interest is served by ensuring that civil immigration detention is imposed only where justified by law and supported by individualized evidence. Because Respondents have failed to make that showing, immediate release is the most appropriate and equitable remedy.

**VI. CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court grant this Emergency Motion for Supplemental Relief and order Respondents to immediately release Petitioner from ICE custody under reasonable conditions of supervision.

In the alternative, should the Court decline to order immediate release, Petitioner respectfully requests that the Court shorten the time for compliance with its July 2, 2026 Order and require Respondents to provide the ordered bond hearing within forty-eight (48) hours. Petitioner further requests that the Court order Respondents to provide an immediate medical

evaluation and any medically necessary treatment, prohibit Petitioner's transfer outside the District of Massachusetts pending the bond hearing, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of July, 2026.

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on this 2nd day of July, 2026, I electronically filed the foregoing **Petitioner's Emergency Motion for Supplemental Relief and Immediate Release**, on behalf of Petitioner Naiara dos Santos Barbosa, using the Court's CM/ECF electronic filing system.

Respectfully submitted this **2nd day of July, 2026**.

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*